IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PAUL CHIOREAN** § | | **CIVIL ACTION NO.** |
| **Plaintiff,** § | | |
| § | | |
| **VS.** § | | |
| § | | |
| **KROGER TEXAS L.P.** § | | |
| **THE KROGER CO.** § | | **JURY TRIAL REQUESTED** |
| § | | |
| **Defendants.** § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff, PAUL CHIOREAN, by and through his attorney, Black Law, PC, complaining of Defendants KROGER TEXAS L.P. and THE KROGER CO. (Defendants) and for causes of action, Plaintiff would respectfully show this court the following:

## I.  JURISDICTION, VENUE AND PARTIES

2. This Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, excluding interests and costs.

3. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) because KROGER TEXAS L.P. and THE KROGER CO. reside in this judicial district in Texas. Venue is proper pursuant 28 U.S.C. §1391(b)(2) because a substantial part of the acts and omissions occurred in this judicial district.

4. Plaintiff PAUL CHIOREAN, is a resident of Houston, Harris County, Texas.

5. Defendant, KROGER TEXAS L.P. is an Ohio limited partnership doing business in the State of Texas with its principal place of business in Ohio.  Defendant may be served with

citation by serving its registered agent to wit: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

6.     Defendant, THE KROGER CO. is an Ohio corporation doing business in the State of Texas with its principal place of business in Ohio. Defendant may be served with citation by serving its registered agent to wit: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.  SUMMARY OF THE FACTS

7.     On or about June 3, 2016, Paul Chiorean, a FedEx Ground independent contractor, was making a FedEx Ground delivery to the Kroger store located at 6616 FM 1488, Magnolia, Texas 77354.

8.     On or about June 3, 2016, the store located at 6616 FM 1488, Magnolia, Texas 77354 was owned, occupied, operated, controlled, and maintained by Defendants.

9.     On or about June 3, 2016, Mr. Chiorean pulled his truck to the delivery entrance at 6616 FM 1488, Magnolia, Texas 77354. The service/delivery door of the store was closed. He rang the service bell on the control panel adjacent to the delivery door to notify Kroger's shipping and receiving personnel of the delivery. A Kroger employee opened the door to the receiving department. However, the Kroger employee did not raise the ground level safety barricade and did not warn Mr. Chiorean the safety barricade was down and posed a tripping hazard. Mr. Chiorean tripped over the safety barricade as he walked through the delivery door. Mr. Chiorean did not see the ground level safety barricade because it was concealed by a plastic door curtain hanging in the doorway.

10. As a direct and proximate result of the Kroger employee's failure to raise the safety barricade or warn Mr. Chiorean of the tripping hazard, Mr. Chiorean suffered severe physical injuries and damages.

### III.   CAUSES OF ACTION

#### COUNT I-NEGLIGENCE

11. Plaintiff incorporates herein each allegation set forth above.

12. KROGER TEXAS L.P. and THE KROGER CO. owed Mr. Chiorean a duty of reasonable care.  KROGER TEXAS L.P. and THE KROGER CO. owed Mr. Chiorean a duty to exercise ordinary care.

13. KROGER TEXAS L.P. and THE KROGER CO. breached the duties owed to Mr. Chiorean, failed to exercise ordinary care, and was negligent in the following ways:

   a. failing to raise the ground level safety barricade to allow safe passage through the delivery door; and

   b. failing to warn Mr. Chiorean of the tripping hazard posed by the ground level safety barricade concealed by a plastic door curtain.

14. Each and every one of the foregoing acts or omissions, taken singularly or in any combination, proximately caused Mr. Chiorean's injuries and damages.

#### COUNT II-RESPONDEAT SUPERIOR

15. Plaintiff incorporates herein each allegation set forth above.

16. At the time of the incident, the Kroger employee in the receiving department was acting in the course and scope of his employment by KROGER TEXAS L.P. and THE KROGER CO.

17. KROGER TEXAS L.P. and THE KROGER CO. are vicariously liable for all acts and omissions of their employee under the doctrine of *respondeat superior*.

18. Each and every one of the foregoing acts or omissions, taken singularly or in any combination, proximately caused Mr. Chiorean's injuries and damages.

## COUNT III-NEGLIGENCE-PREMISES LIABILITY TO AN INVITEE

19. Plaintiff incorporates herein each allegation set forth above.

20. KROGER TEXAS L.P. and THE KROGER CO. were the owners of the premises located at 6616 FM 1488, Magnolia, Texas 77354 where Plaintiff was injured at the time of the incident.

21. Plaintiff entered KROGER TEXAS L.P. and THE KROGER CO.'s premises as a FedEx delivery man and at Defendants' invitation for their mutual benefit.

22. The ground level safety barricade in the down position and concealed by a plastic door curtain posed an unreasonable risk of harm.

23. Defendants knew or reasonably should have known of the danger posed by the ground level safety barricade in the down position concealed by a plastic door curtain.

24. Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by failing to raise the ground level safety barricade to allow safe passage through the delivery door or warn of the danger presented by the concealed ground level safety barricade before Plaintiff was injured.

25. Each and every one of the foregoing acts or omissions, taken singularly or in any combination, proximately caused Mr. Chiorean's injuries and damages.

## IV.  DAMAGES

26. Plaintiff incorporates herein each allegation set forth above.

27. Mr. Chiorean suffered, sustained, and incurred, and in reasonable medical probability will suffer, sustain, and incur, the following injuries and damages as a producing and proximate result of KROGER TEXAS L.P. and THE KROGER CO.'s conduct among others:

   a. physical pain, past and future;

   b. mental suffering, past and future;

   c. physical impairment, past and future;

   d. reasonable and necessary medical bills in the past and future;

   e. lost wages and loss of earning capacity;

   f. disfigurement; and

   g. costs of court.

## V. JURY DEMAND

28. Plaintiff requests a Jury Trial.

## VI.  PRAYER

29. Mr. Chiorean prays that KROGER TEXAS L.P. and THE KROGER CO. be cited to appear herein, and that upon final trial, Plaintiff has judgment against KROGER TEXAS L.P. and THE KROGER CO. for the following, among other things:

   a. compensatory damages in excess of $75,000.00;

   b. pre-judgment interest according to Texas law;

   c. post-judgment interest according to Texas law;

   d. physical pain, past and future;

   e. mental suffering, past and future;

5

    f.    physical impairment, past and future;

    g.    reasonable and necessary medical bills in the past and future;

    i.    lost wages and loss of earning capacity;

    j.    disfigurement; and

    k.    costs of court.

30.    Such other and further relief to which Plaintiff shows himself justly entitled to receive.

Respectfully submitted,

**BLACK LAW, PC**

/s/J. Robert Black
J. Robert Black
Attorney-in-Charge
State Bar No.: 24040526
Southern District Bar No.: 37180
3000 Weslayan St., Ste. 380
Houston, Texas 77027
Telephone: (713) 997-8261
Facsimile: (713) 997-8271
robert@blacklawpc.com

**ATTORNEY FOR PLAINTIFF**